UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

ILYA KHAIMOV, AVRAHAM MILLER, and
ALEXANDER NAYBERG on behalf of themselves
and all other similarly situated consumers

                            Plaintiffs,              Case No.

          -against-

CLIENT SERVICES INC

                          Defendant.
_____

## CLASS ACTION COMPLAINT

## INTRODUCTION

1.    Plaintiffs Ilya Khaimov, Avraham Miller and Alexander Nayberg bring this action against Client Services Inc for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

## PARTIES

2.    Plaintiffs are citizens of the State of New York who reside within this District.

3.    Plaintiffs are consumers as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiffs is a consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in Saint Charles, MO.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## JURISDICTION AND VENUE

7.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## ALLEGATIONS PARTICULAR TO ILYA KHAIMOV, AVRAHAM MILLER, ALEXANDER NAYBERG

9.  Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiffs.

10.  Debts were incurred on credit cards.

11.  The credit cards accrued interest.

12.  The credit cards accrued late fees.

13.  In its efforts to collect the debt, Defendant contacted Plaintiff Miller by letter dated June 22nd, 2016.

14.  In its efforts to collect the debt, Defendant contacted Plaintiff Khaimov by letter dated January 30th, 2017.

15.  The letters are identical in all material respects.

16.  The letter to Plaintiffs Miller and Khaimov were the initial communication received from the Defendant.

17.  In its efforts to collect the debt, Defendant contacted Plaintiff Alexander Nayberg by letter dated October 10th, 2016.

18.  The said letters were sent in an effort to collect on a defaulted consumer debt.

19.  The letters are "communications" as defined by 15 U.S.C. § 1692a(2).

### FIRST COUNT
### Violation of 15 U.S.C. § 1692g
### Failure to Adequately Convey the Amount of the Debt
### AS TO PLAINTIFF MILLER

20.    Plaintiff Miller repeats and realleges the foregoing paragraphs as if fully restated herein.

21.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

22.    One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

23.    The letter received by Plaintiff Miller fails to disclose whether the "Balance Due" may increase due to additional interest.

24.    The letter fails to disclose whether the "Balance Due" may increase due to additional late fees.

25.    The letter offers Plaintiff Miller a settlement of $217.00 on his "Balance Due" of $433.75. The letter sets forth a settlement offer that must be accepted by July 12th, 2016.

26.    The letter fails to disclose whether the "Balance Due" may increase due to additional interest and/or late fees if payment is not received by July 12th, 2016.

27.    The letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016). "[A] debt collector who is willing to accept a specified amount in full satisfaction of the debt if payment is made by a specific date could considerably simplify the consumer's understanding by so stating, while advising that the amount due would increase by the accrual of additional interest or fees if payment is not received by that date." Id. at 77.

28.    The letter, because of the aforementioned failure, would render the least sophisticated consumer unable to determine the amount of his or her "Balance Due" because the consumer would not know whether interest and fees would continue to accrue, or

whether the amount of the debt will remain static if payment is not made by the date specified to settle the debt.

29.    If interest will continuing to accrue after the settlement date, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the applicable interest rate, or date of accrual.

30.    If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the amount of applicable and/or possible late fees.

31.    For these reasons, Client Services Inc failed to clearly state the amount of the debt.

32.    For these reasons, Client Services Inc failed to unambiguously state the amount of the debt.

33.    For these reasons, the letter would likely make the least sophisticated consumer uncertain as to the amount of the debt.

34.    For these reasons, the letter would likely make the least sophisticated consumer confused as to the amount of the debt.

35.    Client Services violated § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692e**
**False and Misleading Representation**
**AS TO PLAINTIFF MILLER**

36.    Plaintiff Miller repeats and realleges the foregoing paragraphs as if fully restated herein.

37.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

38.    The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

39.    While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

40.    A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

41.    A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

42.    15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

43.    As previously alleged, the least sophisticated consumer could reasonably read the letter to mean that the "Balance Due" was static.

44.    As previously alleged, the least sophisticated consumer could also reasonably read the letter to mean that the "Balance Due" was dynamic due to the continued accumulation of interest and/or late fees.

45.    Because the letter is susceptible to an inaccurate reading by the least sophisticated consumer, it is deceptive under 15 U.S.C. § 1692e.

46.    Because the letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

47.    Client Services Inc violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

**THIRD COUNT**
**Violation of 15 U.S.C. § 1692e and 1692g**
**False and Misleading Representation**
**AS TO PLAINTIFF MILLER**

48.     Plaintiff Miller repeats and realleges the foregoing paragraphs as if fully restated herein.

49.     The said letter stated in part the following "This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. The said letter also provided additional disclosure as required by various states on the back of the page.

50.     Defendant's letter misrepresented the Plaintiff's rights in violation of 15 U.S.C. §§ 1692e(10), and 1692g(a).

51.     Section 1692g(a) provides as follows:

(a)     Notice of Debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

    1)    the amount of the debt;

    2)    the name of the creditor to whom the debt is owed;

    3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

52.     In the Ninth Circuit, "the impact of language alleged to violate section 1692g is judged under the 'least sophisticated debtor' standard. *Swanson,* 869 F. 2d at 1225. If a court finds "that the least sophisticated debtor would likely be misled by the notice which [the

debtor] received from the [debt collector], [a court] must hold that the credit service has violated the Act." Id.

53.   Defendant failed to send Plaintiff a written notice containing any of the statements required by Section 1692g(a)(3)-(5) within five day of initial communication.

54.   Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.[1]

55.   Defendant violated 15 U.S.C. 1692g.

56.   Because the letter is susceptible to an inaccurate reading by the least sophisticated consumer, it is deceptive under 15 U.S.C. § 1692e.

57.   Because the letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

58.   Client Services Inc violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

**FOURTH COUNT**
**Violation of 15 U.S.C. § 1692g**
**Failure to Adequately Convey the Amount of the Debt**
**AS TO PLAINTIFF KHAIMOV**

59.   Plaintiff Khaimov repeats and realleges the foregoing paragraphs as if fully restated herein.

60.   15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the

---

[1]  See Foresberg v. Fidelity Nat'l Credit Servs., Ltd., 2004 WL 3510771 (S.D. Cal. Feb. 26, 2004). (The collector's omission from the validation notice of the consumer's right to dispute any portion of the debt violated the Act.); Bailey v. TRW Receivables Mgmt. Servs., Inc., 1990 U.S. Dist. LEXIS 19638 (D. Haw. Aug. 16, 1990). (The § 1692g notice did not notify the consumer that any portion of the debt could be disputed and verified. The failure to notify the consumer that any portion of the debt could be disputed and verified violated 1692g.); McCabe v. Crawford & Co., 210 F.R.D. 631 (N.D. Ill. 2002). (A claim was stated where the collector's letter failed to inform the consumer that he may dispute ''any portion'' of the debt.); Beasley v. Sessoms & Rogers, P.A., 2010 WL 1980083 (E.D.N.C. Mar. 1, 2010). (The court found that the validation notice violated § 1692g(a)(4) by omitting the ''in writing'' requirement that she could dispute any portion of the debt.)

information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

61.     One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

62.     The letter received by Plaintiff Khaimov fails to disclose whether the "Balance Due" may increase due to additional interest.

63.     The letter fails to disclose whether the "Balance Due" may increase due to additional late fees.

64.     The letter offers Plaintiff Khaimov a settlement of $1,296.00 on his "Balance Due" of $2,356.02. The letter sets forth a settlement offer that must be accepted by February 19th, 2017.

65.     The letter fails to disclose whether the "Balance Due" may increase due to additional interest and/or late fees if payment is not received by February 19th, 2017.

66.     The letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).  "[A] debt collector who is willing to accept a specified amount in full satisfaction of the debt if payment is made by a specific date could considerably simplify the consumer's understanding by so stating, while advising that the amount due would increase by the accrual of additional interest or fees if payment is not received by that date." Id. at 77.

67.     The letter, because of the aforementioned failure, would render the least sophisticated consumer unable to determine the amount of his or her "Balance Due" because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt will remain static if payment is not made by the date specified to settle the debt.

68.     If interest will continuing to accrue after the settlement date, the least sophisticated

consumer would not know how to satisfy the debt because the letter fails to indicate the applicable interest rate, or date of accrual.

69.    If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the amount of applicable and/or possible late fees.

70.    For these reasons, Client Services Inc failed to clearly state the amount of the debt.

71.    For these reasons, Client Services Inc failed to unambiguously state the amount of the debt.

72.    For these reasons, the letter would likely make the least sophisticated consumer uncertain as to the amount of the debt.

73.    For these reasons, the letter would likely make the least sophisticated consumer confused as to the amount of the debt.

74.    Client Services violated § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

**FIFTH COUNT**
**Violation of 15 U.S.C. § 1692e**
**False and Misleading Representation**
**AS TO PLAINTIFF KHAIMOV**

75.    Plaintiff Khaimov repeats and realleges the foregoing paragraphs as if fully restated herein.

76.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

77.    The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

78.    While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

79.    A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

80.    A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

81.    15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

82.    As previously alleged, the least sophisticated consumer could reasonably read the letter to mean that the "Balance Due" was static.

83.    As previously alleged, the least sophisticated consumer could also reasonably read the letter to mean that the "Balance Due" was dynamic due to the continued accumulation of interest and/or late fees.

84.    Because the letter is susceptible to an inaccurate reading by the least sophisticated consumer, it is deceptive under 15 U.S.C. § 1692e.

85.    Because the letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

86.    Client Services Inc violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

**SIXTH COUNT**
**Violation of 15 U.S.C. § 1692e and 1692g**
**False and Misleading Representation**
**AS TO PLAINTIFF KHAIMOV**

87.    Plaintiff Khaimov repeats and realleges the foregoing paragraphs as if fully restated herein.

88. The said letter stated in part the following "This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. The said letter also provided additional disclosure as required by various states on the back of the page.

89. Defendant's letter misrepresented the Plaintiff's rights in violation of 15 U.S.C. §§ 1692e(10), and 1692g(a).

90. Section 1692g(a) provides as follows:

(a)   Notice of Debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

1)  the amount of the debt;

2)  the name of the creditor to whom the debt is owed;

3)  a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

4)  a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5)  a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

91. In the Ninth Circuit, "the impact of language alleged to violate section 1692g is judged under the 'least sophisticated debtor' standard. *Swanson,* 869 F. 2d at 1225. If a court finds "that the least sophisticated debtor would likely be misled by the notice which [the debtor] received from the [debt collector], [a court] must hold that the credit service has violated the Act." Id.

92.   Defendant failed to send Plaintiff a written notice containing any of the statements required by Section 1692g(a)(3)-(5) within five day of initial communication.

93.   Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

94.   Defendant violated 15 U.S.C. 1692g.

95.   Because the letter is susceptible to an inaccurate reading by the least sophisticated consumer, it is deceptive under 15 U.S.C. § 1692e.

96.   Because the letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

97.   Client Services Inc violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

### SEVENTH COUNT
### Violation of 15 U.S.C. § 1692e
### False and Misleading Representation
### AS TO PLAINTIFF NAYBERG

98.   Plaintiff Nayberg repeats and realleges the foregoing paragraphs as if fully restated herein.

99.   § 1692e requires debt collectors, when informing debtors of their account balance, to disclose whether the balance may increase due to interest and fees.  Avila v. Riexinger Associates, LLC, 817 F.3d 72, 76 (2d Cir. 2016).

100.  Defendant's collection letter fails to include the safe harbor language set out in Avila v. Riexinger Associates, LLC, 817 F.3d 72, 76 (2d Cir. 2016).

101.  An unsophisticated consumer would be left uncertain by the said letter as to whether the said account was accruing interest or not.

102.  Pursuant to New York state law, statutory interest starts to accrue on the debt from the

date of the breach of contract at the rate of 9% per annum.

103.    In addition, Debts were incurred on credit cards.

104.    The credit cards accrued interest.

105.    The credit cards accrued late fees.

106.    Prejudgment interest on defaulted debt obligations "shall be computed from the earliest ascertainable date the cause of action existed," which is when the debtor fails to make the payment. N.Y. C.P.L.R. § 5001(b).

107.    The October 10th, 2016 letter received by Plaintiff Nayberg failed to correctly state the full amount of the debt allegedly owed.

108.    Though the October 10th, 2016 letter listed an "Account Balance" and "Current Balance" and demanded a payment, the letter did not state on which date the "Account Balance" or "Current Balance" was calculated, and did not explain that contractual or statutory interest and/or legal fees would continue to accrue on the unpaid principal; thus, the Plaintiff's total balance might be greater on the date he makes a payment.

109.    A reasonable consumer could read the notice and be misled into believing that he or she could pay her debt in full by paying the amount listed on the letter.

110.    However, since contractual or statutory interest is automatically accruing daily, and since there are undisclosed legal fees that will accrue, a consumer who pays the "Account Balance" or "Current Balance" stated on the notice will be unaware as to whether or not the debt has been paid in full.

111.    The debt collector could still seek the automatically accrued contractual or statutory interest that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

112.    A letter that states "Account Balance" and "Current Balance" without notice that the

amount is already increasing due to accruing automatically accruing contractual or statutory interest or other charges, would mislead the unsophisticated consumer into believing that payment of the amount stated will clear his or her account.

113. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

114. The amount of the contractual or statutory interest, automatically increases each day that the defaulted debt remains unpaid due to the automatically contractual or statutory accrued interest.

115. Collection notices that state only the "Account Balance" and "Current Balance" but fail to disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

116. To the extent that the Creditor or the Defendant intended to waive the automatically accrued and accruing interest, it was required to disclose that in the most conspicuous of terms.

117. Client Services was required to include a disclosure that the automatically accrued interest was accruing, or in the alternative, Client Services was required to disclose that the creditor has made an intentional decision to waive the automatically accruing interest; yet the Defendant failed to make any such disclosures, violating Section 1692e of the FDCPA.

118. Failure to disclose such a waiver of the automatically accruing interest is in of itself deceptive and "misleading" within the meaning of Section 1692e of the FDCPA.

119. The Defendant, by failing to state that it would add interest to the amount of the debt, made materially false statements, in violation of 15 U.S.C. § 1692e of the FDCPA.

120. Defendant's October 10th, 2016 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

**EIGHTS COUNT**
**Violation of 15 U.S.C. § 1692e and 1692f**
**False and Misleading Representation**
**AS TO PLAINTIFF NAYBERG**

121. Plaintiff Nayberg repeats and realleges the foregoing paragraphs as if fully restated herein.

122. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

123. 15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

124. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

125. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

126. §1692f(1) limits prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

127. The letter states "Other Charges Post-Charge Off"

128. The "Other Charges Post-Charge Off" are listed as "$0.00"

129.    A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

130.    A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

131.    Although the "Other Charges Post-Charge Off" are listed as "$0.00" the letter could reasonably be read by the least sophisticated consumer to mean that there could be "Other Charges Post-Charge Off" added to the debt in the future.

132.    The letter falsely implies that Defendant has the right to add non-interest charges and fees to the debt.

133.    Defendant has no legal basis to add "Other Charges Post-Charge Off" to the debt.

134.    The letter could reasonably be read by the least sophisticated consumer to threaten to collect a fee.

135.    The letter falsely implies that Defendant has the right to add a fee to the debt.

136.    Defendant has no legal basis to add a fee to the debt.

137.    Defendant's conduct, as described, violates § 1692e and § 1692f.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

138.    Upon information and belief, the Defendant's collection letters, such as the letters received by Plaintiffs Miller, Khaimov, and Nayberg, number in at least the hundreds.

139.    Plaintiffs suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

140.    Plaintiffs suffered actual harm by being the target of the Defendant's misleading debt collection communications.

141.    Defendant violated the Plaintiffs' right not to be the target of misleading debt collection communications.

142.    Defendant violated the Plaintiffs' right to a truthful and fair debt collection process.

143.    Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiffs' alleged debt.

144.    Defendant's communications were designed to cause the debtors to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

145.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiffs in a manner that deprived them of their right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

146.    Plaintiffs seeks to end these violations of the FDCPA. Plaintiffs have suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

147.    This action is brought as a class action. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

148.    The identities of all class members are readily ascertainable from the records of Client Services Inc and those business and governmental entities on whose behalf it attempts to collect debts.

149. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Client Services Inc, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

150. There are questions of law and fact common to the Plaintiffs' Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiffs, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

151. The Plaintiffss claims are typical of the class members, as all are based upon the same facts and legal theories.

152. The Plaintiffs will fairly and adequately protect the interests of the Plaintiffs' Class defined in this complaint. The Plaintiffs has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

153. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a)  **Numerosity:** The Plaintiffs inform and believe, and on that basis alleges, that the Plaintiffs' Class defined above is so numerous that joinder of all members would be impractical.

    (b)  **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiffs' Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications

with the Plaintiffs, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c)    **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. Plaintiffs and all members of the Plaintiffs' Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)    **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs has no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

154.   Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

155.   Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiffs' Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

156.   Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

157.   Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**PRAYER FOR RELIEF**

158.   The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

159.   Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiffs and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiffs, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiffs' favor and against the Defendant and award damages as follows:

(a)   Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b)   Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)    Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
       February 10th, 2017

                              __/s/ Igor Litvak_____
                              Igor Litvak, Esq.
                              Attorneys for the Plaintiffs
                              The Litvak Law Firm, PLLC
                              1701 Avenue P
                              Brooklyn, New York 11229
                              Office: (718) 989-2908
                              Facsimile: (718) 989-2908
                              E-mail: Igor@LitvakLawNY.com

Plaintiffs requests trial by jury on all issues so triable.

                              __/s/ Igor Litvak_____
                              Igor Litvak, Esq.